```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/23/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
TERRY J. BOYD,

                             Plaintiff,

               -against-

JAVIER TIBURCIO-LORA and
METROPOLITAN FOODS INC.,

                            Defendants.
-------------------------------------------------------------- X

21-CV-4075 (VEC)

MEMORANDUM
OPINION & ORDER

VALERIE CAPRONI, United States District Judge:

       Terry J. Boyd has sued Javier Tiburcio-Lora and Metropolitan Foods Inc. for negligence in connection with a motor vehicle collision. Compl. ¶¶ 3–23, 27–47, Dkt. 1-1. Defendants have removed the case to this Court, pursuant to 28 U.S.C. § 1446. *See* Pet. for Removal, Dkt. 1. Plaintiff has moved to remand the action back to New York State court on the ground that Defendants' removal was not timely. *See* Notice of Mot., Dkt. 10. For the following reasons, Plaintiff's motion to remand is GRANTED. This case is REMANDED to the Supreme Court of the State of New York for New York County.

## BACKGROUND

       On October 15, 2020, Plaintiff filed a Complaint in the Supreme Court of the State of New York for New York County alleging that on August 26, 2020, he suffered serious personal injuries as a result of a collision with a motor vehicle owned and negligently operated by Defendants. Compl. ¶¶ 3–23, 27–47. Plaintiff served the Summons and a copy of the Complaint on Defendants Javier Tibucio-Lora and Metropolitan Foods Inc. on October 20, 2020, and October 22, 2020, respectively. *See* Aff. of Service, Dkt. 10-2; Aff. of Service, Dkt. 10-3. The

Complaint did not specify an amount of damages sought. Defendants answered on November 18, 2020. *See* Answer at 11, Dkt. 1-5.

On or around November 18, 2020, Defendants served a Demand for a Verified Bill of Particulars, which included a demand for "an itemized list of the total of all special damages that are claimed as a result of the alleged accident, including the amounts claimed to date, or to be claimed in the future." *See* Demand for Verified Bill of Particulars ¶ 12, Dkt. 10-4. On March 23, 2021, Plaintiff served Defendants with a Verified Bill of Particulars, which, in addition to providing a detailed recitation of the injuries he alleges he sustained, also listed the following special damages on separate lines: "Physician Expenses - $40,000. Medical Supplies - $10,000. X-Rays - $10,000. Hospital Expenses - $10,000. Nurses Services - Not applicable. Attendance and Nursing Services - Not applicable. Other Expenses - $10,000." *See* Bill of Particulars ¶¶ 10, 12, Dkt. 10-5. The Bill of Particulars did not include the sum of the special damages Plaintiff had listed. *Id.* ¶ 12. On April 21, 2021, Plaintiff responded to Defendants' January 11, 2021, Demand for Relief, made pursuant to N.Y. C.P.L.R. § 3017(c), stating that he seeks $10,000,000 in damages. *See* Dkt. 1-6.

On May 6, 2021, Defendants filed a Petition for Removal. *See* Pet. for Removal. Defendants asserted that removal was proper because the Court has subject-matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, the amount in controversy exceeds $75,000 as evidenced by Plaintiff's response to Defendants' 3017(c) Demand, and, without explanation, removal was timely. *See* Pet. for Removal ¶¶ 8, 16–17.

## DISCUSSION

A defendant in a civil action brought in state court may remove the case to federal court if the complaint is one over which the federal court has original jurisdiction. 28 U.S.C. §

1441(a). District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." *Id.* § 1332(a)(1). Generally, a defendant must exercise its removal right within thirty days of receiving the plaintiff's initial pleading. *Id.* § 1446(b)(1). If, however, "the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under [section 1446(b)(3)]." *Id.* § 1446(c)(3)(A).

It is undisputed that, because the parties in this case are diverse and the amount in controversy exceeds $75,000, this case could have been filed in federal court pursuant to 28 U.S.C. § 1332(a). The only dispute is whether Defendants removed the case within the thirty-day time limit imposed by 28 U.S.C. § 1446.

Defendants claim the removal was timely because they first learned that Plaintiff's demand exceeded $75,000 on April 21, 2021, when Plaintiff responded to Defendants' 3017(c) Demand. Pet. for Removal ¶¶ 16–17; Def. Resp. at 1, Dkt. 7. Plaintiff contends that Defendants could have ascertained that this case was removable from his Verified Bill of Particulars, in which he claimed $80,000 in special damages. Pl. Mem. at 2–3, Dkt. 10.

For purposes of timeliness, "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). Although a plaintiff is not limited to the damages first specified, they can put a defendant on notice that a case is removable if the damages specified exceed $75,000. *See Mitilinios v. Costco Wholesale Corp.*, No. 17-CV-5306, 2018 WL 941715, at *1–3 (E.D.N.Y. Jan. 31, 2018), *report and*

*recommendation adopted*, 2018 WL 948753 (E.D.N.Y. Feb. 15, 2018) (remanding case to state court where plaintiff requested $1,000,000 in response to a § 3017(c) demand but earlier bill of particulars showing special damages in excess of $75,000 had previously started the removal clock). The amount in controversy is not sufficiently specified for removal purposes if a defendant would need to investigate beyond the face of the paper itself to determine the amount claimed. *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001) ("[A] defendant [need not] look beyond the initial pleading for facts giving rise to removability."). Still, a defendant must apply a "reasonable amount of intelligence" when considering whether a case is removable. *See Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 143 (2d Cir. 2014) ("Under the *Moltner* standard, defendants must still 'apply a reasonable amount of intelligence in ascertaining removability[,]' . . . [h]owever, defendants have no independent duty to investigate whether a case is removable." (citation omitted)); *see also Enterprises v. Allen*, No. 15-CV-6675, 2016 WL 3512176, at *4 (E.D.N.Y. June 22, 2016) ("*Whitaker*'s 'reasonable amount of intelligence' standard . . . survived" the requirement in *Moltner* that the amount of damages sought be explicitly stated). Finally, "federal courts construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (internal quotation marks and citation omitted).

The allegations in Plaintiff's complaint that he "has been rendered sick, sore, lame, and disabled and has been and will continue to be obligated to incur and expend large sums of money," *see* Compl. ¶ 23, were insufficient to put Defendants on notice that the amount in controversy exceeded $75,000. *See Moltner*, 624 F.3d at 38.

That the amount in controversy exceeded $75,000, however, was ascertainable as early as March 23, 2021, when Defendants received Plaintiff's Verified Bill of Particulars, which listed

4

five separate categories of special damages that total $80,000. Bill of Particulars ¶ 12. "[C]ourts in this district have found that removal jurisdiction is proper where the [b]ill of [p]articulars from the underlying case alleges damages in excess of $75,000." *Scottsdale Ins. Co. v. Acceptance Indem. Ins. Co.*, No. 19-CV-7294, 2019 WL 6498316, at *4 (S.D.N.Y. Dec. 3, 2019). When "the [c]omplaint does not disclose that [a] [p]laintiff is seeking more than $75,000 in damages, the bill of particulars is the relevant document for determining the timeliness of [a] [d]efendant's removal petition." *Philip v. Deutsche Bank Nat. Tr. Co.*, No. 11-CV-8960, 2012 WL 2354242, at *3 (S.D.N.Y. June 20, 2012). Thus, courts in this district have held that once a defendant receives a bill of particulars, the amount in controversy is established; removal is timely only if it is filed within thirty days of the bill's receipt. *Id.*; *see also, e.g.*, *Canella v. Holiday Inns, Inc.*, No. 20-CV-4120, 2020 WL 5261220, at *2 (S.D.N.Y. Sept. 3, 2020) ("The amount in controversy . . . was ascertainable . . . when [p]laintiffs filed their bill of particulars"); *Gordon v. Stop & Shop Supermarkets Inc.*, No. 19-CV-10582, 2020 WL 3578151, at *2 (S.D.N.Y. July 1, 2020) (holding that the action became removable once plaintiff "served its [b]ill of [p]articulars reflecting the dollar amount sought exceeded $75,000"); *Mitilinios*, 2018 WL 941715, at *3 (holding that the action became removable when plaintiff served her bill of particulars showing itemized special damages of $75,000 and $50,000, even though no sum was provided).

Because Plaintiff's Verified Bill of Particulars, delivered on March 23, 2021, notified Defendants that Plaintiff sought damages in excess of $75,000, the thirty-day period for removal began to run on March 23, 2021, and ended on April 22, 2021. Defendants' removal on May 6, 2021, was, therefore, untimely.

## CONCLUSION

For the forgoing reasons, Plaintiff's motion to remand is GRANTED. The Clerk of Court is respectfully directed to REMAND this case to the Supreme Court of the State of New York for New York County. The Clerk is further directed to terminate all open motions and to close this case.

**SO ORDERED.**

**Date: June 23, 2021**
      **New York, New York**

                                                      **VALERIE CAPRONI**
                                                **United States District Judge**